# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-2257V

|  |  |
|---|---|
| JOSE RUIZ,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: May 13, 2025 |

*Jessica A. Olins, Mctlaw, Seattle, WA, for Petitioner.*

*Parisa Tabassian, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On December 3, 2021, Jose Ruiz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") after receiving an influenza ("flu") vaccination on September 17, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 21, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On May 13, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $106,995.19, representing $105,000.00 in actual pain and suffering and $1,995.19 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $106,995.19, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOSE RUIZ,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | No. 21-2257V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

  On December 3, 2021, Jose Ruiz ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa-1 *et seq*. ("Vaccine Act"), alleging that as a result of the influenza ("flu") vaccine he received on September 17, 2019, he suffered Guillain Barré Syndrome.  ECF No. 1.  On May 22, 2023, respondent filed his Rule 4(c) Report recommending against compensation because petitioner had established neither a Table[1] nor a causation-in-fact claim.  ECF No. 28.

  On February 21, 2025, the Court issued a Ruling on Entitlement finding that petitioner is entitled to compensation.[2]  ECF No. 33.  Respondent now files this proffer regarding the amount of damages to be awarded.

---

[1]  The Vaccine Injury Table is located at 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3.

[2]  Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief's Special Master's February 21, 2025, entitlement decision.

I.    **Items of Compensation**

Respondent proffers that petitioner should be awarded $105,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,995.19. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[3]: a lump sum payment of $106,995.19, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

III.    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Jose Ruiz:    **$106,995.19**

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings, and future pain and suffering.

2

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        TRACI R. PATTON
        Assistant Director
        Torts Branch, Civil Division

        *s/ PARISA TABASSIAN*
        PARISA TABASSIAN
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 305-4035
        Parisa.Tabassian@usdoj.gov

Dated: May 13, 2025